NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30020 |
| Plaintiff-Appellee, | D.C. No. 4:17-cr-00010-BMM-1 |
| v. | |
| THOMAS EDWARD MANCHA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Thomas Edward Mancha appeals from the district court's judgment and

challenges his guilty-plea conviction and 240-month sentence for second-degree

murder, in violation of 18 U.S.C. §§ 1111 and 1153(a). We dismiss.

Counsel for Mancha initially filed a brief pursuant to *Anders v. California*,

---

\*   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

386 U.S. 738 (1967), stating that she found no meritorious issues for review, along with a motion to withdraw as counsel of record. We granted the motion to withdraw, appointed new counsel, and ordered further briefing on whether there was an adequate factual basis to support jurisdiction under 18 U.S.C. § 1153(a), the Indian Major Crimes Act ("IMCA"), where Mancha did not admit in the plea agreement or at the change-of-plea hearing that he had "some quantum of Indian blood, whether or not that blood derives from a member of a federally recognized tribe." *United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (en banc).

After further briefing and upon our review of the record, we conclude that there was an adequate factual basis to support jurisdiction under the IMCA. As part of the factual basis for his plea, Mancha admitted that he was an enrolled member of the Blackfeet Indian Tribe. Article II of the Constitution and By-Laws for the Blackfeet Tribe, in effect at the time of Mancha's birth, establishes that tribal membership was granted to children born to "any blood member of the Blackfeet Tribe." In addition, Mancha's tribal enrollment certificate, which Mancha stipulated was admissible, reflects that he has some quantum of Indian blood.[1] *See United States v. Alvirez*, 831 F.3d 1115, 1121 (9th Cir. 2016) (proof of

---

[1] We take judicial notice of the Tribe's Constitution and By-Laws, as well as the tribal enrollment certificate. *See* Fed. R. Evid. 201(b).

18-30020

having an Indian parent or a tribal enrollment certificate can establish a person's quantum of Indian blood).

Mancha waived his right to appeal his conviction and sentence. Because the district court had jurisdiction under the IMCA, and the record does not support any other defense to enforcement of the waiver, we dismiss. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**